UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-20516-CR-SEITZ

UNITED STATES OF AMERICA,

v.

GUILLERMO JOSE RAMIREZ,

    Defendant.
_____/

## ORDER DENYING MOTION TO ADJUST SENTENCE

THIS CAUSE is before the Court upon Defendant's Motion for Nunc Pro Tunc & Petition for Sentencing Adjustment Under the Existing Terms of Early Deportation [DE-941]. Defendant seeks to have his sentence reduced pursuant to 8 U.S.C. § 1231(a)(4)(B) and based on his substantial assistance. However, the Court lacks authority to take action under § 1231 and any motion for a sentence reduction based on substantial assistance must be initiated by the Government. Consequently, Defendant's motion is denied.

The relevant portion of §1231(a)(4), pursuant to which Defendant has filed this motion, states:

> Except as provided in section 259(a) of Title 42 and paragraph (2)1, the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal.
>
> (B) Exception for removal of nonviolent offenders prior to completion of sentence of imprisonment
>
> The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment--

-1-

> (i) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title and (II) the removal of the alien is appropriate and in the best interest of the United States[.]

Thus, the language of the statute, explicitly gives the Attorney General discretion to remove an alien prior to completion of his sentence. However, the statute does not give a United States District Judge the authority to do so. Nor does the statute give a United States District Judge the authority to reduce a sentence in order to precipitate an earlier removal. Thus, the statute does not give a District Court any authority to take action related to a sentence or a removal prior to completion of a sentence and Defendant has not provided any authority other than the statute. Consequently, this Court has no authority to take any action under 8 U.S.C. § 1231(a)(4)(B).

Defendant also seeks a reduction of his sentence based on his substantial assistance. However, such a motion must be initiated by the United States. *See* Fed. R. Crim. P. 35; 18 U.S.C. § 3553(e); U.S. Sentencing Guidelines § 5K1.1. The Government has not so moved. Nor has Defendant provided any authority upon which the Court can reduce his sentence based on his own claim of substantial assistance. Accordingly, it is hereby

ORDERED that Defendant's Motion for Nunc Pro Tunc & Petition for Sentencing Adjustment Under the Existing Terms of Early Deportation [DE-941] is DENIED.

DONE and ORDERED in Miami, Florida, this 14th day of August, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record/Pro Se Parties